UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

ALEJANDRA CASTANEDA,
      Plaintiff,

v.                                  Cause No. 3:24-cv-00189

STATE OF TEXAS - TEXAS TECH UNIVERSITY HEALTH
SCIENCES CENTER EL PASO,
      Defendant.

## PLAINTIFF'S FIRST AMENDED COMPLAINT WITH JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff, Alejandra Castaneda ("Employee Castaneda" or "Plaintiff"), now files this Amended Complaint in accordance with Fed. R. Civ. P. 15(a)(1)(B), complaining of Defendant, Texas Tech University Health Sciences Center El Paso ("Defendant" or "Employer TTUHSC"), and respectfully shows the Court and jury as follows:

### I. PARTIES.

1. Plaintiff Alejandra Castaneda is a natural person residing in El Paso, Texas.

2. Defendant, State of Texas - Texas Tech University Health Sciences Center El Paso, is a Texas state higher education institution, has already been served with process, and has already appeared in this action.

### II. JURISDICTION.

3. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

### III. FACTS.

4. Employers MUST prevent sexual harassment and sex discrimination at work to protect employees from financial losses and emotional trauma due to job loss.

5.  Employers MUST never retaliate against employees who witness sexual harassment and sex discrimination in the workplace to protect employees from financial losses and emotional trauma.

6.  State of Texas - Texas Tech University Health Sciences Center El Paso (TTUHSC) is an employer.

7.  Employer TTUHSC MUST prevent sexual harassment and sex discrimination at work to protect employees from financial losses and emotional trauma due to job loss.

8.  Employer TTUHSC MUST never retaliate against employees who witness sexual harassment and sex discrimination in the workplace to protect employees from financial losses and emotional trauma.

9.  On or about April 2016, Employer TTUHSC hires an Employee to work in TTUHSC's surgery clinic as a receptionist, and then promotes the Employee to supervisor for the entire surgery clinic.

10. From April 2022 through May 18, 2023, Employer TTUHSC employs both the Employee and the Employee's ex-sister-in-law, aunt to her children, Medical Assistant Cecilia Castaneda. The Employee and Cecilia Castaneda maintain a close, caring relationship, as follows:

    a.  From April 2022 through May 18, 2023, the Employee and Cecilia Castaneda see each other three to four times per week including for family gatherings and school activities for the children of the Employee and Cecilia Castaneda.

    b.  From April 2022 through May 18, 2023, the Employee and Cecilia Castaneda speak to each other on the phone four times per week.

    c.  From April 2022 through May 18, 2023, Cecilia Castaneda's daughter -- the Employee's niece -- spends several nights at the Employee's home every week where the Employee helps Cecilia Castaneda's daughter with homework from school.

11. Beginning in April 2022, and continuing through the end of 2022, the Employee witnesses sexual harassment in the workplace at TTUHSC against the Employee's ex-sister-in-law, aunt to her children, Medical Assistant Cecilia Castaneda, as follows:

    a. On April 2022, the Employee witnesses Employer TTUHSC Senior Administrator Terry Balderrama accompany Balderrama's own sister for an appointment in TTUHSC's clinic. As the Employee registers Senior Administrator Balderrama's own sister in the system, the Employee hears Balderrama comment to her sister about Cecilia Castañeda's body, "Look at her, she just had work done and looks so good." The Employee looks up to see what direction Balderrama was looking and the Employee saw that both Balderrama and Balderrama's sister were staring at Cecilia Castaneda who is standing in the front reception area searching for a patient in the waiting area.

    b. Continuing through the end of 2022, the Employee witnesses Employer TTUHSC Senior Administrator Terry Balderrama repeatedly make comments about Cecilia Castaneda's body and ask Cecilia to turn around so Balderrama can see Cecilia's buttocks and entire body better.

12. The Employee is aware that, on one occasion between April 2022 and the end of 2022, Employer TTUHSC Senior Administrator Terry Balderrama, while making her rounds through the clinic, uses her hand to push Cecilia Castaneda, and then hits Cecilia in the buttocks. The Employee is aware of this because Cecilia Castaneda reports this to the Employee.

13. The Employee is aware that on February 21 and 28, 2023, Medical Assistant Cecilia Castaneda submits written complaints to Employer TTUHSC's Human Resources Department to report sexual harassment by Senior Administrator Balderrama. The Employee is aware of this because Cecilia Castaneda tells the Employee.

14. When Medical Assistant Cecilia Castaneda tells the Employee about Cecilia Castaneda's written complaints, the Employee tells Castaneda that the Employee is willing to serve as a witness for Castaneda about what she saw Balderrama do and say to Cecilia Castaneda, and

that Cecilia Castaneda found Balderrama's conduct and words offensive, unwanted and sexual in nature.

15. On April 14, 2023, Employer TTUHSC Medical Director Dr. Castro tells the Employee that Human Resources Vice President Jennifer Erickson transferred Cecilia Castaneda to another clinic, effective immediately, and will not allow Cecilia to return to the surgery clinic under any circumstances.

16. On May 17, 2023, Employer TTUHSC tells the Employee to attend a Human Resources meeting the next day.

17. On May 18, 2023, at the Human Resources meeting, Employer TTUHSC Human Resources Managing Director David Bergeon and Institutional Compliance Officer Andrew Conkovich terminate the Employee's employment, ***without providing any explanation as to why Employer TTUHSC is terminating the Employee***. They also do not allow the Employee to pick up the Employee's personal items or the Employee's purse.

18. Employer TTUHSC Human Resources Managing Director David Bergeon and Institutional Compliance Officer Andrew Conkovich terminate Cecilia Castaneda, the Employee's ex-sister-in-law, at the same time, without providing Cecilia Castaneda any explanation as to why Employer TTUHSC is terminating her.

19. That Employee is Alejandra Castaneda.

### IV. CAUSES OF ACTION.

<u>Sex Discrimination and Retaliation</u>

20. Defendant discriminated and retaliated against Plaintiff in violation of Title VII, which protects employees from sex discrimination, sexual harassment, and retaliation. Defendant's discrimination and retaliation against Plaintiff includes terminating Plaintiff for witnessing

sexual harassment in the workplace, for agreeing to serve as a witness in a sex discrimination, sexual harassment, and retaliation complaint, and due to Plaintiff's association with Plaintiff's ex-sister-in-law, *see, e.g., Thompson v. N. Am. Stainless*, 562 U.S. 170, 173-175 (2011) (holding that Title VII supports retaliation claims based on the protected activity of a close family member.), because retaliation against family members "well might...dissuade [] a reasonable worker from making or supporting a charge of discrimination", *Burlington N. & Santa Fe Ry. Co. u. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006), internal quotation marks omitted); *see also Thompson*, 562 U.S. at 174 ("We think it obvious that a reasonable worker might be dissuaded from engaging in protected activity if she knew that her fiancé would be fired.").

21. All conditions precedent to the filing of this action have occurred or have been fulfilled.

## V. NOTICE OF RIGHT TO FILE A CIVIL ACTION.

22. Attached as Exhibit A is the EEOC Right to Sue for Plaintiff.

## VI. DAMAGES.

23. As a direct and proximate result of Defendant's discrimination, retaliation, and conduct against Plaintiff, as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include, in the past and the future: lost wages and benefits; employment opportunities; lost income; loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss of enjoyment of life; and other non-pecuniary losses.

## VII. EXEMPLARY DAMAGES.

24. Plaintiff is entitled to recover punitive damages under Title VII.

## VIII. JURY DEMAND.

25. Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## IX. ATTORNEYS' FEES AND COSTS.

26. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under 42 U.S.C. § 2000e-5(k), including any applicable expert fees.

## X. COURT COSTS.

27. Plaintiff is entitled to recover Plaintiff's court costs.

## XI. PRAYER.

Plaintiff prays that Defendant be cited to appear and answer and that Plaintiff have judgment against Defendant for the following: statutory damages, and actual damages, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorney fees and expert fees, court costs and all costs of suit and such other and further relief, including injunctive relief, to which Plaintiff may show herself to be justly entitled, in law and in equity.

SIGNED on July 23, 2024.

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _____
Enrique Chavez, Jr., State Bar No. 24001873
enriquechavezjr@chavezlawpc.com

Michael R. Anderson, State Bar No. 24087103
manderson@chavezlawpc.com
Michael M. Osterberg, State Bar No. 24108991
mikeosterberg@chavezlawpc.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing instrument was e-filed and e-served on all counsel through the Court's efiling system. Accordingly, the Federal Rules of Civil Procedure do not require a Certificate of Service. Fed. R. Civ. P. 5(d)(1)(B) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system.").