IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALEJANDRA CASTANEDA,<br>　　*Plaintiff*,<br><br>v.<br><br>STATE OF TEXAS – TEXAS TECH<br>UNIVERSITY HEALTH SCIENCES<br>CENTER AT EL PASO,<br>　　*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 3:24-cv-00189-LS |

**DEFENDANT'S MOTION FOR PERMISSION TO APPEAL INTERLOCUTORY ORDER, TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL, AND FOR STAY PENDING APPEAL**

**TO THE HONORABLE JUDGE LEON SCHYDLOWER:**

Defendant Texas Tech University Health Sciences Center-El Paso ("TTUHSCEP") moves this court to amend and certify its November 17, 2024 interlocutory order denying TTUHSCEP's Motion to Dismiss Plaintiff's First Amended Complaint so that TTUHSCEP may seek an immediate appeal under 28 U.S.C. § 1292(b). *See* 9 U.S.C. § 16(b). TTUHSCEP seeks certification of whether the Plaintiff's retaliation claim can proceed because she falls within Title VII's "zone of interest" as the ex-sister-in-law of an individual that complained of discrimination and harassment. TTUHSCEP therefore requests that the Court amend its November 17, 2024, order to add a certifying statement so that the necessary conditions are met for TTUHSCEP to seek permission to appeal under Federal Rule of Appellate Procedure 5(a)(3). Specifically, TTUHSCEP requests that the Court amend its order so that it states the following:

> This order is certified for an immediate appeal under 28 U.S.C. § 1292(b). The Court finds that it involves a controlling question of law in the case as to which

there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Finally, TTUHSCEP requests that the Court stay further proceedings in the district court pending such permissive appeal. Fed. R. App. P. 8; *see* 28 U.S.C. § 1292(b).

## I. ISSUE FOR CERTIFICATION

TTUHSCEP requests that the Court certify the following question for interlocutory appeal and review by the United States Court of Appeals for the Fifth Circuit: whether Alejandra Castaneda has viably pled she is within the "zone of interest" to pursue a claim for retaliation under Title VII.

## II. ARGUMENTS AND AUTHORITIES

Under 28 U.S.C. 1292(b), the court may certify for appeal an interlocutory order that is not otherwise appealable by stating that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See also U.S. v. Stanley*, 483 U.S. 669, 676 (1987). When determining whether an interlocutory appeal would materially advance the ultimate termination of the litigation, "a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Payne v. City of San Antonio, Texas*, No. SA-19-CV-00407-FB, 2020 WL 1650298 at *4 (W.D. Tex. Apr. 3, 2020).

When a party appeals under 28 U.S.C. 1292(b) it is the order that is appealable, not the question. *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 398 (5th Cir. 2010). The appellate court may address any issue fairly included within the certified order. *Yamaha Motor*

*Alejandra Castaneda v. Texas Tech University Health Sciences Center El Paso*  
TTUHSCEP's Motion Seeking Permission to Appeal

Page 2

*Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 116 S. Ct. 619, 133 L. Ed. 2d 578 (1996). Denial of a Motion to Dismiss pursuant to Rule 12(b)(6) can be brought up on appeal under § 1292(b). *See Sumitomo Shoji Am. v. Avagliano*, 457 U.S. 176, 179, 102 S. Ct. 2374 (1982); *United States ex rel. Bain v. Ga. Gulf Corp.*, 386 F.3d 648, 650 (5th Cir. 2004).

Here, the Court's November 17, 2024 order denying TTUHSCEP's motion to dismiss meets the requirements for certification and a permissive appeal under § 1292(b). The order addresses a controlling question of law for this case: whether Plaintiff is in the "zone of interest" contemplated by Title VII and articulated in *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 131 S. Ct. 863 (2011). The Supreme Court in *Thompson*, in interpreting the language "persons aggrieved" in Title VII, found that it meant whether that person was within the "zone of interests" sought to be protected by the statute. *Id.* at 177. Applying precedent, someone within the "zone of interest" is someone whose interests are "so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Id.* Plaintiff argues that, by having a self-described close relationship with her ex-sister-in-law, her interest is so related to the purposes of Title VII to allow her to sue. She bases this "close relationship" on the frequency Plaintiff and her ex-sister-in-law see each other and Plaintiff's tutoring of her ex-sister-in-law's daughter. Based on the development of caselaw within this Circuit, this is too attenuated of a relationship to pigeonhole Plaintiff's claims. *See also* Dkts. 6, 9, 10, 11. It is clear from the briefing that there is a substantial difference in opinion as to what constitutes Title VII's "zone of interest."

An immediate appeal would also materially advance the ultimate termination of this litigation. The Court's November 17, 2024 order satisfies all considerations for this factor, because an immediate interlocutory appeal would eliminate the need for trial on at least one of Plaintiff's

claims, thereby eliminating complex issues so as to simplify the trial while also making discovery easier and less costly. *Payne*, 2020 WL 1650298 at *4. If Plaintiff is not within Title VII's "zone of interest" as a matter of law, her retaliation claim should be dismissed. Plaintiff's factual allegations all relate to how Plaintiff was harmed because of incidents involving a third party, Cecilia Castaneda, who was her ex-sister-in-law at the time Plaintiff was fired. Plaintiff makes no allegations as to how she *herself* was subject to discrimination or harassment. If Plaintiff is no longer in the "zone of interest" as the ex-sister-in-law of the individual who complained of discrimination and harassment, her claim is not actionable regardless of her factual pleadings. If Plaintiff no longer has a factual basis for her claims as a matter of law, she cannot survive a Motion to Dismiss and the need for a potential trial on her claims is eliminated. At a minimum, if Alejandra Castaneda is not within the "zone of interest" as contemplated by Title VII and *Thompson*, her retaliation claim is eliminated and any future trial will be simplified, with discovery more streamlined and less costly as to her remaining sex discrimination claim as well. *See Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502 (5th Cir. 2023). Because an immediate interlocutory appeal would provide certainty and the most efficient course of litigation moving forward, certifying this order and questions for interlocutory appeal is proper and appropriate.

      Finally, should the Court grant this motion to certify the November 17, 2024, order for immediate interlocutory appeal, TTUHSCEP would also request the Court stay this matter pending the appeal. Fed. R. App. P. 8(a)(1)(A). There is a serious legal question involved in the appeal and the balance of equities weighs heavily in favor of granting the stay. *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981); *O'Donnell v. Harris Cnty.*, 260 F. Supp. 3d 810, 815 (S.D. Tex. 2017). The question is serious enough to warrant a permissive appeal. A stay would prevent lengthy litigation, in that discovery would not be necessary if Plaintiff is not in the zone of interest. While Plaintiff

would have a sex discrimination claim still pending,[1] discovery would be significantly limited without the retaliation claim. Any alleged actions taken against Cecilia would become irrelevant to Plaintiff's lawsuit, as Plaintiff would not have standing on those actions. The only question that would remain is whether TTUHSCEP discriminated against Plaintiff based on her sex in her termination. The matter should be stayed pending resolution of the appeal.

### III.    CONCLUSION

For these reasons, TTUHSCEP respectfully requests that the Court amend its order denying TTUHSCEP's Motion to Dismiss Plaintiff's First Amended Complaint to include the requisite language set forth in 28 U.S.C. § 1292(b) and certify it for immediate interlocutory appeal so that the necessary conditions are met for TTUHSCEP to seek permission to appeal under Federal Rule of Appellate Procedure 5(a)(3). Specifically, TTUHSCEP requests that the Court amend its order to include a certifying statement as follows:

> This order is certified for an immediate appeal under 28 U.S.C. § 1292(b). The Court finds that it involves a controlling question of law in the case as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Additionally, TTUHSCEP requests that the Court stay further proceedings in the district court pending the permissive appeal. See 28 U.S.C. § 1292(b). TTUHSCEP also requests such further relief, in law or equity, general or special, to which it may be justly entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

---

[1] TTUHSCEP denies that Plaintiff properly pled a claim for sex discrimination, as her entire factual basis revolves around what happened to *Cecilia*, not her.

**RALPH MOLINA**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation
**KIMBERLY GDULA**
Chief for General Litigation Division

*/s/ Stephanie A. Criscione*
**STEPHANIE A. CRISCIONE**
Assistant Attorney General
Texas Bar No. 24109768
Office of the Attorney General
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
(512) 936-1675 Fax: (512) 320-0667
Stephanie.Criscione@oag.texas.gov
**LEAD COUNSEL FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I certify that that on December 5, 2024, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

**Enrique Chavez, Jr.**
enriquechavezjr@chavezlawpc.com
**Michael R. Anderson**
manderson@chavezlawpc.com
**Michael M. Osterberg**
mikeosterberg@chanvezlawpc.com
Chavez Law Firm
2101 N. Stanton Street
El Paso, Texas 79902
(915) 351-7772
**ATTORNEYS FOR PLAINTIFF**

*/s/ Stephanie A. Criscione*
**STEPHANIE A. CRISCIONE**
Assistant Attorney General