**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALEJANDRA CASTANEDA, CECILIA CASTANEDA,** | § | |
| | § | |
| ***Plaintiffs*,** | § | |
| | § | **No. 3:24-CV-00189-LS** |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS - TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER EL PASO,** | § | |
| | § | |
| ***Defendant*.** | § | |

**ORDER GRANTING RULE 54(b) MOTION TO RECONSIDER AND DECLINING TO ALTER ORDER GRANTING PARTIAL SUMMARY JUDGMENT**

Plaintiffs Alejandra Castaneda and Cecilia Castaneda move for reconsideration of the Court's prior order granting summary judgment on each Plaintiff's retaliation claims and on Alejandra's sexual harassment claim. As an order "that adjudicates fewer than all the claims" present in the case, the summary judgment order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[1] "[T]he trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[2]

Plaintiffs first object to deriving a temporal proximity standard from an unpublished Fifth Circuit opinion, *Besser v. Texas General Land Office*,[3] rather than published opinions that preceded it. The *Besser* court explains why it was appropriate:

---

[1] Fed. R. Civ. P. 54(b).
[2] *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).
[3] 834 F. App'x 876 (5th Cir. 2020).

> There is some tension among unpublished decisions of our court as to when temporal proximity, standing alone, is sufficient to allow an inference of causation at summary judgment. In *Evans v. City of Houston*, this court noted that "a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes." However, we cited only two district court decisions, and the time period at issue in *Evans* was five days. That is not binding, or even persuasive, precedent that two and one-half months is sufficient.
>
> The United States Supreme Court has favorably cited a decision holding that three months is not within the "very close" requirement. We conclude that two and one-half months between the protected activity and the adverse employment decision, standing alone, is not within the "very close" proximity that is necessary to establish causation.[4]

*Lyons v. Katy Independent School District*'s analysis substantively matches *Evans*.[5] This Court agrees with *Besser* and defers to the Supreme Court's "favorab[le] cit[ations]."[6]

Regardless, "[i]f the decisionmakers do not know about a plaintiff's protected activity, 'the employer plainly could not have retaliated against the employee based on that conduct.'"[7] Plaintiffs argue that the Court improperly weighed the credibility of witnesses to find that the decisionmaker did not know about the protected activity when he decided to terminate. But the Court also "reviews all facts 'in the light most favorable to the nonmoving party.'"[8] Mr. Conkovich's testimony is the best and only evidence that he knew about Plaintiffs' protected activity in time to influence any decision to terminate. For the reasons stated in the opinion,[9] the evidence remains too "weak or tenuous on an essential fact . . . [to] support a judgment in favor of

---

[4] *Id.* at 884–85 (footnotes omitted); *see also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001).

[5] 964 F.3d 298, 305 n.28 (5th Cir. 2020). Yet another opinion, *Garcia v. Professional Contract Services, Inc.*, published one year before *Besser*, echoed *Evans*, found seventy-six days sufficient for the prima facie case only, and acknowledged the Supreme Court's approval of a case finding three months insufficient. 938 F.3d 236, 243 (5th Cir. 2019). Plaintiffs' protected activity here was eighty-six days before termination, about three months, followed by a second complaint one week later. *See* ECF No. 60 at 6.

[6] If a precedential holding existed, the Fifth Circuit's rule of orderliness would also bind future panels to it "until the decision is overruled . . . by either the United States Supreme Court or by the Fifth Circuit sitting en banc." *Gahagan v. U.S. Citizenship & Immigr. Servs.*, 911 F.3d 298, 302 (5th Cir. 2018).

[7] ECF No. 60 at 5 (quoting *Chaney v. New Orleans Pub. Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999)); *see also Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) ("[W]e affirmatively reject the notion that temporal proximity standing alone can be sufficient proof of but for causation.").

[8] ECF No. 60 at 3 (quoting *First Colony Life Ins. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009)).

[9] *Id.* at 6–7.

the nonmovant"[10] even assuming his testimony is true. No contradictory testimony exists that would change the outcome if a jury found it more credible, so credibility is irrelevant.

As to Alejandra's sexual harassment claim, the Court incorporates its analysis and finds no basis to modify the order.[11] The Court therefore **GRANTS** Plaintiffs' Rule 54(b) motion to reconsider [ECF No. 62] and declines to reverse the summary judgment order.

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 23, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[10] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993)).
[11] ECF No. 60 at 3–4.